# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:26-cv-00104-MR

L.P. and C.P.,                                    )
                                                  )
                         Plaintiffs,              )
                                                  )
        vs.                                       )
                                                  )
NORTH CAROLINA DENTAL                             )
SOCIETY, NORTH CAROLINA                           )      **MEMORANDUM OF**
SERVICES FOR DENTISTRY, INC.,                     )      **DECISION AND ORDER**
INTERACTIVE MEDICAL SYSTEMS                       )
CORPORATION, and NORTH                            )
CAROLINA DENTAL SOCIETY                           )
HEALTHCARE PLAN,                                  )
                                                  )
                         Defendants.              )
_____ )

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Leave

to Proceed Anonymously [Doc. 8].

## I.    PROCEDURAL HISTORY

On April 13, 2026, the Plaintiffs L.P. and C.P (collectively, the

"Plaintiffs") filed a Complaint against Defendants North Carolina Dental

Society, North Carolina Services for Dentistry, Inc., Interactive Medical

Systems Corporation, and North Carolina Dental Society Healthcare Plan

(collectively, the "Defendants").  [Doc. 1].  The Complaint sets forth two

causes of action under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001 et seq.: recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), and equitable relief under 29 U.S.C. § 1132(a)(3) for a violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1185a(a)(3)(A)(ii).  [Doc. 1 at ¶¶ 85-99].

On April 13, 2026, the Plaintiffs filed the present motion asking to be allowed to proceed anonymously.  [Doc. 8].  This matter is now ripe for disposition.[1]

## II.    FACTUAL BACKGROUND

The Defendant North Carolina Dental Society Healthcare Plan (the "Plan") is a self-funded welfare benefits plan under ERISA.  [Doc. 1 at ¶¶ 7-10].  Defendant North Carolina Dental Society is the Plan's sponsor; Defendant North Carolina Services for Dentistry, Inc. is the Plan's supervisor, and Defendant Interactive Medical Systems Corporation ("IMS") is the Plan's claims administrator.  [Id.].

Plaintiff L.P. is enrolled in the Plan as an eligible employee of an employer who was a member of Defendant North Carolina Dental Society. [Id. at ¶¶ 3-4].  Plaintiff C.P. is L.P.'s dependent child and was enrolled under

---

[1] The Defendants did not file a response to the instant motion, as no defendant has yet made an appearance in this matter.  On April 13, 2026, the Plaintiffs sent each defendant a "Notice of a Lawsuit and Request to Waive Service of a Summons."  [Docs. 2-6].  The deadline for the Defendants to respond to these waivers is May 18, 2026.  [Id.].

2

the Plan as a beneficiary.  [Id. at ¶¶ 5-6].  At all times relevant to the present case, L.P. was a participant in the Plan and C.P. was a beneficiary of the Plan.  [Id. at ¶¶ 2-6].

From August 2024 through June 2025, C.P. was treated at a residential treatment facility for mental health issues.  [Id. at ¶¶ 43-50].  L.P. sought to have the cost of C.P.'s treatment at this facility covered by the Plan, but IMS denied payment.  [Id. at ¶¶ 50-52].  L.P. exhausted the appeals process with IMS and subsequently filed this ERISA action for recovery of benefits and equitable relief.  [Id. at ¶¶ 79-81].

## III.    DISCUSSION

Generally, a civil complaint "must name all the parties."  Fed. R. Civ. P. 10(a).  However, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym."  Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014).

To determine whether such exceptional circumstances exist, a court considers the James factors: (1) whether "the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature"; (2) "whether identification poses a risk of retaliatory

3

physical or mental harm"; (3) the age of the party; (4) "whether the action is against a governmental or private party"; and (5) "the risk of unfairness to the opposing party." Id. (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)).

Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Id. at 274. The Court notes that ERISA claims routinely involve information regarding issues of health and treatment. As such, these claims generally include at least some personal information. This fact, however, does not convert ERISA litigation into a private proceeding where claimants come into court under a cloak of anonymity.

Here, the Plaintiffs argue that the first James factor weighs in their favor because this case involves sensitive information about C.P.'s mental health challenges. [Doc. 9 at 3]. However, while the Plaintiffs do seek coverage for mental health treatment, and the Complaint does recount C.P.'s struggles with mental health, the facts relevant to the legal issues are not extraordinarily sensitive. At its core, the Complaint alleges that IMS denied

benefits for treatment that the Plaintiffs argue was covered by the Plan. This core allegation is not sensitive or personal: it is a common assertion in any § 1132(a)(1)(B) action.

Courts regularly deny requests to proceed anonymously when a plaintiff's purported reason for the request is to protect information about his mental health. See, e.g., Doe v. Kuhn, No. 7:23-cv-209, 2023 WL 4687209, at *2 (W.D. Va. July 21, 2023); L.L. v. Medcost Benefit Servs., No. 1:21-cv-00265-MR, 2023 WL 4393748, at *3-4 (W.D.N.C. July 5, 2023); Smith v. Towson Univ., No. JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022); Doe v. Lees-McRae College, 1:20-cv-00105-MR, 2021 WL 2673050, at *6 (W.D.N.C. June 29, 2021). Requiring the Plaintiffs to identify themselves by name does not require that they reveal anything more than the general fact that C.P. struggles with mental health issues. To the extent that the severity of C.P.'s mental health struggles must be considered during these proceedings, that personal information can be redacted and records detailing sensitive information can be filed under seal if appropriate.

As for the second James factor, courts may look for "aggravating factors" or "evidence" to determine whether is "more than a bare assertion of risk." Doe v. Doe, 85 F.4th 206, 213 (4th Cir. 2023). The Plaintiffs acknowledge that there is no danger of "directly retaliatory harms" if the

5

Plaintiffs are not allowed to proceed anonymously. [Doc. 9 at 5 (internal quotation marks omitted)]. Accordingly, the second favor weighs against allowing the Plaintiffs to proceed anonymously.

As for the third James factor, Rule 5.2 of the Federal Rules of Civil Procedure requires that minors be referred to solely by their initials in court filings. Fed. R. Civ. P. 5.2(a)(3). C.P., however, has reached the age of majority and Rule 5.2 does not require reference by C.P.'s initials only. L.P., of course, was an adult when the case was filed. The Plaintiffs argue that because C.P. is a "young adult," and because the treatment at issue started when C.P. was a minor, the third James factor weighs in their favor. [Doc. 9 at 5]. However, as detailed above, sensitive information regarding a then-minor's struggles with mental health will likely be allowed to be filed under seal. Accordingly, requiring L.P. and C.P. to use their full names in prosecuting this action reveals nothing more than the fact that two adults are seeking benefits they allege are covered by their health insurance plan.

As for the fourth James factor, the Court concludes that the fact that the Defendants are private companies weighs against allowing the Plaintiffs to proceed anonymously. See Doe, 85 F.4th at 216 ("The district court below . . . determined—consistent with the weight of authority—that suing only a private individual weighs against anonymity.").

As for the final <u>James</u> factor, the Plaintiffs argue that "there is no risk of harm to the Defendants" from the use of initials in the publicly filed documents, since the Defendants possess "all or almost all[] of the documents at issue in this action in unredacted form."  [Doc. 9 at 5].  The Court concludes that because the Defendants know the Plaintiffs' identities, there would be no prejudice to the Defendants in allowing the Plaintiffs to proceed anonymously and this factor weighs in favor of allowing the Plaintiffs to proceed anonymously.

After analyzing the <u>James</u> factors, the Court must balance the Plaintiffs' interest in anonymity against the public's interest in openness. <u>Doe</u>, 85 F.4th at 211.  Here, the public has a strong interest in openness.  To the extent these proceedings involve particularized, private, and sensitive information, redactions and filing under seal can limit access when needed without altogether concealing the identity of the litigants from the public.

Accordingly, the Court concludes that "extraordinary circumstances" do not support allowing the Plaintiffs to proceed anonymously in this action. The Plaintiffs' motion to proceed anonymously is therefore denied, and the Plaintiffs will be directed to file an Amended Complaint that includes their full names.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Leave to Proceed Anonymously [Doc. 8] is **DENIED.**

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiffs shall file an Amended Complaint that contains their full names.

**IT IS SO ORDERED.**

Signed: May 8, 2026

Martin Reidinger
Chief United States District Judge